1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

| | |
|---|---|
| JEFF SU individually and on behalf of all others similarly situated,<br><br>             Plaintiff,<br><br>      v.<br><br>THE TERMINIX INTERNATIONAL COMPANY LIMITED PARTNERSHIP a foreign limited partnership, et al.,<br><br>             Defendants. | CASE NO. 2:25-cv-02615-JNW<br><br>ORDER TO SHOW CAUSE |

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

      The Court raises this matter of its own accord. Defendants The Terminix International Company Limited Partnership, Rentokil North America, Inc., d/b/a Terminix, Western Exterminator Company, Target Specialty Products, Ambius, and Pratt Pest Management ("Terminix Defendants") removed this matter from King County Superior Court on December 23, 2025, invoking the Court's diversity jurisdiction. However, the complaint reveals that both Plaintiff and Defendant Shane Thompson are Washington citizens. Thus, it appears that this Court lacks subject-matter jurisdiction and that remand is necessary.

The Court has a continuing and independent duty to examine its own subject-matter jurisdiction. *West v. United States*, 853 F.3d 520, 522 (9th Cir. 2017). A defendant may remove a state court action if the federal court would have had subject-matter jurisdiction over the action in the first place. 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1332(a), federal district courts have diversity jurisdiction over civil actions where the matter in controversy exceeds $75,000 exclusive of interest and costs and where the parties are citizens of different states. The statute requires complete diversity, meaning no plaintiff can be a citizen of the same state as any defendant. *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). Courts determine whether there is complete diversity at "the time the complaint is filed and removal is effected." *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131–32 (9th Cir. 2002).

The remand statute, 28 U.S.C. § 1441, adds a procedural, non-jurisdictional requirement for removal based on diversity jurisdiction—the forum defendant rule. *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 940 (9th Cir. 2006) ("We are not persuaded that the forum defendant rule is a statutory requirement, which, if not met, deprives the district court of original jurisdiction."). That rule prohibits removal, as a procedural matter, "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Because the forum defendant rule is a procedural limitation, it may be waived; thus, unlike jurisdictional limitations, it is not a basis for sua sponte remand. *Lively*, 456 F.3d at 936, 940.

The Terminix Defendants argue that removal is proper under the forum defendant rule because the Washington forum Defendant—Thompson—has not yet been "properly joined and served." 28 U.S.C. § 1441(b). This controversial removal practice is known as "snap removal," and neither the Supreme Court nor the Ninth Circuit have weighed in on it. *Cadena v. Polaris Indus. Inc.*, No. 3:23-cv-00443-YY, 2023 WL 6004228, at *2–3 (D. Or. Aug. 15, 2023) (explaining lack of binding precedent); *Breuer v. Weyerhaeuser NR Co.*, No. C20-0479 JLR, 2020 WL 4260948, at *4 (W.D. Wash. July 24, 2020) ("Snap removal is a controversial procedure and its compliance with the removal statute, 28 U.S.C. § 1441, is questionable."); *see also Casola v. Dexcom, Inc.*, 98 F.4th 947, 955 (9th Cir. 2024) (Ninth Circuit lacked jurisdiction to decide the issue of snap removal on appeal).

But even if snap removal were permissible, that does not solve the jurisdictional problem here. The Terminix Defendants do not challenge that Plaintiff and Thompson are both Washington citizens—a fact that precludes the exercise of diversity jurisdiction under 28 U.S.C. § 1332 in the first instance. *See Strotek Corp.*, 300 F.3d at 1131–32; 28 U.S.C. § 1441(a) (court must be able to exercise original jurisdiction for removal to be proper).

The Terminix Defendants attempt to avoid this problem by improperly conflating the forum defendant rule of 28 U.S.C. § 1441(b) with the jurisdictional requirements of 28 U.S.C. § 1332. For instance, they assert that the Court may exercise diversity jurisdiction because "the *properly joined and served* corporate Defendants are citizens of a different state than Plaintiff." Dkt. No. 1 at 4 (emphasis added). But the "properly joined and served" language comes from the forum

defendant rule, not the diversity jurisdiction statute. Nor are the Terminix Defendants' cases persuasive, as they address only whether removal was proper under the forum defendant rule—not the existence of diversity jurisdiction. *See e.g., Regal Stone Ltd. v. Longs Drug Stores Cal., L.L.C.*, 881 F. Supp. 2d 1123, 1126 (N.D. Cal. 2012) (addressing only the forum defendant rule's application under 28 U.S.C. § 1441(b)); *Loewen v. McDonnel*, No. 19-cv-00467-YGR, 2019 WL 2364413, at *1 (N.D. Cal. June 5, 2019) (complete diversity existed).

Accordingly, the Court ORDERS the Parties to SHOW CAUSE by January 16, 2026, why this case should not be remanded for lack of subject-matter jurisdiction. The Clerk of the Court is DIRECTED to place this deadline on the Court's calendar.

Dated this 23rd day of December, 2025.

Jamal N. Whitehead
United States District Judge