UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEFF SU individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE TERMINIX INTERNATIONAL COMPANY LIMITED PARTNERSHIP a foreign limited partnership, et al.,<br><br>Defendants. | CASE NO. 2:25-cv-02615-JNW<br><br>ORDER |

## 1. INTRODUCTION

On December 23, 2025, the Court ordered removing Defendants ("Terminix Defendants") to show cause why this case should not be dismissed for lack of subject-matter jurisdiction. Dkt. No. 7. Terminix Defendants removed this case citing 28 U.S.C. § 1332, diversity jurisdiction. Under that statute, federal district courts have subject-matter jurisdiction over civil actions where the matter in controversy exceeds $75,000 exclusive of interest and costs and where the parties are citizens of different states. 28 U.S.C. § 1332(a). The statute requires complete diversity, meaning no plaintiff can be a citizen of the same state as any defendant.

ORDER - 1

*Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). Here, Plaintiff Jeff Su and Defendant Shane Thompson are both citizens of the same state—Washington. Nevertheless, Terminix Defendants' response to the Court's order to show cause argues that diversity jurisdiction exists because (1) removal is proper under the forum defendant rule, and (2) Thompson was fraudulently joined. The Court rejects Terminix Defendants' first argument as explained below. As for the second, the Court requires additional briefing. Accordingly, the Court retains jurisdiction over this matter for now.

## 2.  DISCUSSION

### 2.1    Plaintiff Su and Defendant Thompson are not diverse under 28 U.S.C. § 1332, regardless of whether Thompson has been "properly joined and served" under the forum defendant rule.

First, Terminix Defendants maintain that removal is allowed by the forum defendant rule, 28 U.S.C. § 1441(b)(2), because Thompson has not been properly joined and served. The Court disagrees. The forum defendant rule precludes removal of cases that are "otherwise removable" solely based on diversity jurisdiction "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Thus, Section 1441(b)(2) provides an *additional* procedural hurdle to removal. It does not change Section 1332's jurisdictional, complete diversity requirement, as Terminix Defendants argue. Indeed, even if the jurisdictional requirements of Section 1332 were met—even if complete diversity existed and the

ORDER - 2

amount in controversy exceeded $75,000—a defendant *still* could not remove a case brought against him in his own state, under the forum defendant rule.

Terminix Defendants argue that "the forum defendant rule applies to the [court's] *determination of diversity* under § 1332." Dkt. No. 10 at 4 (emphasis added). According to Terminix Defendants, if a defendant is not "properly served and joined" under Section 1441(b)(2) at the time of removal, then the court should ignore that defendant's citizenship for any diversity jurisdiction analysis. The Court rejects this argument first because it contradicts the plain language of Section 1441(b)(2), which expressly applies only to cases that are "otherwise removable . . . on the basis of [diversity jurisdiction]." Cases are not "otherwise removable" on the basis of diversity jurisdiction when, as here, a plaintiff and defendant are citizens of the same state.

Terminix Defendants' cases do not support their contention that Section 1441(b)(2) impacts whether a defendant's citizenship is diverse under Section 1332(a). For example, while Terminix Defendants cite the Second Circuit's opinion in *Gibbons v. Bristol-Myers Squibb Co.*, that opinion confirms that Section 1441(b)(2) only comes into play when "a federal district court *can assume jurisdiction* over [an] action." 919 F.3d 699, 705 (2d Cir. 2019) (emphasis added). A court cannot assume jurisdiction based on diversity when a plaintiff and defendant are citizens of the same state. 28 U.S.C. § 1332(a).

ORDER - 3

Terminix Defendants' other cases speak only to whether "snap removal"[1] is consistent with and permissible under Section 1441(b)(2). But diversity of citizenship was not at issue in those cases, as it is here. *See Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 149–50 (3d Cir. 2018) (diversity jurisdiction existed under Section 1332(a); the question was whether the forum defendant rule precluded removal); *Regal Stone Ltd. v. Longs Drug Stores Cal.*, L.L.C., 881 F. Supp. 2d 1123, 1126 (N.D. Cal. 2012) ("Section 1332(a)(2) provides for original jurisdiction where, as here, a foreign entity is a party."); *Texas Brine Co., L.L.C. v. Am. Arb. Assoc., Inc.*, 955 F.3d 482, 485 (5th Cir. 2020) ("Here, the district court had subject-matter jurisdiction because each defendant was diverse from the plaintiff . . . . Thus, there is no jurisdictional defect under 28 U.S.C. § 1332(a)."). *Goodwin v. Reynolds*, 757 F.3d 1216, 1218 (11th Cir. 2014) ("The amount in controversy exceeded $75,000, and the parties were of completely diverse citizenship.").

In short, Su and Thompson are not diverse for purposes of Section 1332(a), regardless of whether Thompson has been served.

---

[1] To circumvent the forum defendant rule, 28 U.S.C. § 1442(b)(2), some defendants engage in "snap removal"—removal effected *before* service on a forum defendant. The Ninth Circuit has not addressed whether snap removal is effective, and many district courts in the circuit have rejected it. *See, e.g.*, *Deutche Bank Nat'l Trust Co. as Tr. for Am. Home Mortg. Inv. Tr. 2007-1 v. Old Republic Title Ins. Grp., Inc. et al.*, 532 F. Supp. 3d 1004, 1010–11 (D. Nev. 2021) ("Judges in this District who have reached the question have uniformly held that 'snap removal' is improper under 28 U.S.C. § 1441(b)(2)."). Here, even if snap removal were effective, it does not resolve the subject-matter jurisdiction issue.

ORDER - 4

**2.2   The Court orders Plaintiff to address Thompson's joinder.**

Terminix Defendants also argue that Thompson was fraudulently joined. If that is so, his citizenship may be disregarded for diversity purposes and removal may be proper. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) ("Although an action may be removed to federal court only where there is complete diversity of citizenship, one exception to the requirement for complete diversity is where a non-diverse defendant has been 'fraudulently joined.'") (citation modified)). The removing party bears a "heavy burden" to establish fraudulent joinder, *id*., but Plaintiff has not yet had an opportunity to address this argument.

## 3.   CONCLUSION

Accordingly, the Court ORDERS Plaintiff to respond to Terminix Defendants' brief at Dkt. No. 10 and to specifically address their fraudulent joinder argument within TWENTY-ONE (21) DAYS of this order, so that the Court can decide whether it has subject-matter jurisdiction. The Clerk is directed to add this deadline to the Court's calendar.

Dated this 3rd day of March, 2026.

Jamal N. Whitehead
United States District Judge

ORDER - 5